**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 3:14-427 |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Charles Brown, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Charles Brown's ("Defendant's") motion to set aside the verdict or for a new trial pursuant to Federal Rule of Criminal Procedure 33. ECF No. 70. For the reasons below, the motion is denied.

**I. Background**

Defendant was indicted by a federal grand jury on July 17, 2014, and charged with seventeen counts of using the interstate wires to execute a scheme or artifice to defraud in violation of 18 U.S.C. § 1343. ECF No. 2. The indictment alleged that Defendant fraudulently represented to the Veteran's Administration ("VA") that his business, Executive Medical Transport, LLC, was a service-disabled veteran-owned small business in order to take advantage of contracting preferences for such businesses established by the VA. *Id.* The contracts awarded to Executive Medical Transport, LLC, were set asides for service-disabled veteran-owned small businesses. *See* Gov't's Exh. 5. The VA defines such a business to be one which is not less than fifty-one percent owned by one or more service-disabled veterans and one whose management and daily business operations are controlled by one or more service-disabled veterans. Gov't Exh. 12; *see also* 18 U.S.C. § 8127(l). Defendant entered a plea of not guilty on July 1, 2014. ECF No. 11.

1

A two day jury trial was held on February 9 and 10, 2015. ECF Nos. 54 & 57. During the trial, the Government called several witnesses, including two former employees of Executive Medical Transport, LLC; two VA employees who administered the VA's contracting process; and a special agent with the VA's Office of Inspector General. The Government introduced evidence that Defendant represented his business was a service-disabled veteran-owned small business multiple times and introduced a statement made by Defendant in which Defendant appeared to admit that the service-disabled veteran listed as the owner of the business, Vernon Roberts, was not involved in the day-to-day operation of the business. Gov't's Exh. 23. At the close of the Government's case, Defendant moved for a judgment of acquittal, which the court denied.

Defendant called Vernon Roberts, who testified that (1) he was a service-disabled veteran; (2) he was the majority owner of Executive Medical Transport, LLC; and (3) he was involved in the day-to-day management of the business. Defendant took the stand on his own behalf and testified that the business was, in fact, owned and managed by Vernon Roberts. At the close of all of the evidence, Defendant again moved for a judgment of acquittal. The court again denied the motion.

The jury began its deliberations on February 10, 2015. The jury indicated after a couple of hours of deliberation that it was unable to reach a verdict, and the court gave the jury an *Allen* charge.[1] After deliberations continuing the following day, February 11, 2015, the jury returned a verdict. ECF No. 64. The jury found Defendant not guilty on Counts 1-10, but guilty on Counts 11-

---

[1] *Allen v. United States*, 164 U.S. 492, 501 (1896) (holding that it is not error to charge the jury, on their return for further instructions, that it is their duty to decide the case, if they can conscientiously do so; that they should listen to each other's arguments with a disposition to be convinced; that, if much the larger number are for conviction, a dissenting juror should consider whether his doubt is a reasonable one; and that, if a majority is for acquittal, the minority should consider whether they may not reasonably doubt their judgment).

17. Defendant moved the court for a new trial based on the inconsistency of the verdict. The court directed the parties to brief the issue. The court received these briefs on February 24 and 25, 2015. ECF Nos. 70 & 71.

Defendant argues that "the verdict should be set aside and a new trial granted because the verdicts are legally inconsistent, and are not sufficiently supported by the evidence." ECF No. 70 at 1. Given the Government's theory of the case, according to Defendant, "[t]here can be no logical reason for the jury to find the defendant not guilty on ten counts and guilty of seven counts." *Id*. at 3. Further, Defendant contends that "[i]f the evidence was sufficient to support a not guilty verdict, the same evidence could not be sufficient to support a guilty verdict." *Id*. at 3-4. The Government disagrees with Defendant's characterization of the verdict and argues that there is no legal basis for setting aside a verdict, even though it may be inconsistent. *See generally* ECF No. 71.

## II. Discussion

Justice Holmes articulated the rule that inconsistency may not be used to set aside a jury verdict in *Dunn v. United States*, 284 U.S. 390 (1932). In that prohibition-era case, the defendant, Dunn, was indicted on three counts of violating the liquor laws: first, for maintaining a common nuisance by keeping for sale intoxicating liquor; second, for unlawful possession of intoxicating liquor; and third, for the unlawful sale of such liquor. *Id.* at 391. The jury returned a verdict of guilty as to count one, but verdicts of not guilty as to counts two and three. *Id.* at 391-92. Dunn argued that he could not be both guilty of keeping liquor for sale and not guilty of possessing liquor. Justice Holmes, writing for the Court, disagreed:

> Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment . . . . As was said in *Steckler v. United States,* 7 F.2d 59, 60 (2d Cir. 1925):

> > "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity."
>
> > . . . . That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters.

*Dunn*, 284 U.S. at 393-94 (citations omitted). Accordingly, the Supreme Court affirmed Dunn's conviction, notwithstanding the inconsistency of the verdict.

The Supreme Court returned to the *Dunn* doctrine fifty years later in *United States v. Powell*, 469 U.S. 57 (1984), in response to attempts by various circuit courts of appeal to carve out exceptions to *Dunn*. *Powell* emphasized the continuing vitality of *Dunn*. First, the Supreme Court observed that although inconsistent verdicts "present a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred," the Court recognized "the possibility that the inconsistent verdicts may favor the criminal defendant as well as the Government" and so "militates against review of such convictions at the defendant's behest. This possibility is a premise of *Dunn*'s alternative rationale—that such inconsistencies often are a product of jury lenity." *Powell*, 469 U.S. at 65.

Second, the Supreme Court rejected "as imprudent and unworkable" a rule that would allow a defendant to challenge an inconsistent verdict on the ground that in his case the verdict was not the product of lenity, but of some other error. "Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake." *Id.* at 66.

Third and finally, the Supreme Court held that a criminal defendant is already protected against "jury irrationality" by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. The Court explained the sufficiency of the evidence test thusly:

> Sufficiency-of-the evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt. This review should be independent of the jury's determination that evidence on another count was insufficient. The Government must convince the jury with its proof, and must also satisfy the courts that given this proof the jury could rationally have reached a verdict of guilty beyond a reasonable doubt. We do not believe that further safeguards against jury irrationality are necessary.

*Id.* at 67 (citations omitted).

The Fourth Circuit considered the rule against setting aside inconsistent verdicts recently in *United States v. Louthian*, 756 F.3d 295 (4th Cir. 2014). In a footnote, the Fourth Circuit observed that "[t]he rule against disturbing an inconsistent verdict has been steadfastly followed for more than eighty years" and cited Fourth Circuit cases applying the *Dunn* rule. *Id*. at 305 n.9; *see also United States v. Butler*, 704 F. Supp. 1338, 1343-44 (E.D. Va. 1989) (affirming a defendant's conviction of 26 of 36 counts of wire fraud in a single scheme to defraud as not inconsistent because "each use of the wires is a distinct offense, [and] the jury is permitted, indeed required, to consider each count separately").

In opposition to this Supreme Court and Fourth Circuit authority, Defendant cites only non-mandatory state law cases or cases from outside this circuit: *Speiller v. United States*, 31 F.2d 682 (3d Cir. 1929); *State v. Fintel*, 689 N.W.2d 95 (Iowa 2004); and *People v. Billups*, 742 N.E.2d 1261 (Ill. Ct. App. 2001). The first and second counts of the indictment in *Speiller* charged the "same crime," i.e., that the defendant caused the transportation in interstate commerce of a woman for the

purpose of prostitution or other immoral purposes. *Speiller*, 31 F.2d at 682. The jury returned a verdict of guilty as to the first count and not guilty as to the second count. *Id.* When the defendant appealed his conviction on the first count as inconsistent with his acquittal on the second count, the Third Circuit held: "Where there is an acquittal on one count of an indictment and a conviction on another count, charging the same crime, the verdict of conviction will not be allowed to stand unless supported by evidence other than that on which the acquittal was based." *Id.* at 684. The Third Circuit recognized that this result was contrary to that reached by the Second Circuit a few years earlier in *Steckler v. United States*, 7 F.2d 59, 60 (2d Cir. 1925). *Id.* Because Justice Holmes adopted the rule of the Second Circuit and quoted *Steckler* with approval at length in *Dunn*, 284 U.S. at 393-94, this court considers *Dunn* to have overruled the Third Circuit's decision in *Speiller*. With respect to the two state court decisions cited by Defendant, state courts may be free to examine the verdicts of state juries for inconsistency. Federal courts, however, are not permitted the same freedom with regard to the verdicts of federal juries. *Dunn*, 284 U.S. at 393-94.

The court, instead, is limited to a review of the record to determine the sufficiency of the evidence. The court is to undertake this review without reference to the acquittals and should evaluate only "whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." *Powell*, 469 U.S. at 67. In this case, with reference only to Counts 11-17, it is possible that the jury did not view the testimony of Defendant or of Vernon Roberts to be as credible as that of the Government's witnesses with respect to the time period covered by those counts and, therefore, considered that the Government carried its burden. The Government also notes that all of the guilty counts come from activity conducted on dates after Defendant made statements to special agents from the VA's Office of Inspector General which

6

appear to concede that his business was not, in fact, a service-disabled veteran-owned small business (Gov't's Exh. 23). ECF No. 71 at 4. The court concludes that the Government introduced sufficient evidence for a reasonable jury to convict Defendant of Counts 11-17 beyond a reasonable doubt.

### III. Conclusion

For the foregoing reasons, Defendant's motion to set aside the verdict or for a new trial is denied.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
Senior United States District Judge

March 23, 2015
Columbia, S.C.